```
GARY. B. NELSON.            In the U.S. District Court
  Petitioner                of South Carolina.

    -vs-
Lewis King Cutter
     And                    -motion to file Claim-
  The State.
```

Comes forth the Petitioner.
GARY. B. Nelson. on Behalf of SAME.
in the U.S. District Court of S.C. to Ask the
Court to Review the following Case to
Determine if It Has merit. And. that Petitioner
should Proceed. And. that this Court Provide
the Petitioner with the Proper forms As Well
As Instructions on How to Do so.
  The Petitioner furthermore thanks this Court
for its time And Concideration in this matter.
Petition of Case is As follows:

(1)

## - Brief Statement of Facts -

On December 17, 2013 the Plaintiff was to appear before the Hon. Judge Young, in the Third Judicial Circuit of S.C. for sentencing, (see attched for list of offenses) on that date he was pleading his guilt to the said offenses for a sentence of Probation. On that date the offender was Admitted to the Carolina Pines Hospital. (see attched) for Emergency care services. His lawyer was contacted and was informed of the situation to which paperwork was faxed to the lawyer who appeared before the court with documention of the offender being in the Hospital on December 16, 2013. —(1) However, the offender had in fact been to the Hospital several days in a row over the weekend before the said court date. All of which was well known to the offenders lawyer. Who in turn appeared before the court and withheld the information, and as a result of his actions the offender was tried in his absence. All of which were in a violation of the offenders constitutional rights to Due Process. Furthermore, the said offender upon learning what had become a conflict of intriest with the aforementioned lawyer, asked him to remove himself as counsel. Which he refused. Therefore, the aforementioned lawyer is liable.

1)A  The offender had had a few confruntations with the Asst. Solicitor in his case as he was a defense attorney for

(2)

Several state government offices that the offender had filed and won civil cases against in court. After a verbal confrontation in which the said Solicitor "cursed" the offender for refuseing an earier plea. He at that point advised his lawyer that he wanted to see about having him removed from trieing his case. to which he was informed that he could petition the court to do so. But. was never done. in fact. on December 17.2013 the lawyer and the Solicitor in his case. chose to not inform the court of the where abouts of the offender. Wherein the court didn't grant a continuance for health reasons. And. the Solicitor then withdrew the plea after he learned that the offender wouldn't be able to make it to court for health reasons. At that point his lawyer did conspire with the Solicitor to give false testamony before the court to prevent said offender..( lawyer didn't attempt to get continuance) from getting a continuance.
While during all of the above. Both the offenders lawyer and the Asst. Solicitor had knowledge of where the offender was and of the true circumstances as to why he was not in court on that date.

(3)

Rule 220.(B) SCACR -

State-v-Fairey. 374 S.C. 92, 100. 646.
S.E.2d 445. 448. (2007)

Before a Defendant can be tried in Absentia. the trial court must determine a Defendant "voluntarily" waived his right to be present at trial. making findings of fact "on the record" that the Defendant.

1.) Received notice of his right to be present.
2.) Was warned that the trial would proceed in his Absence.

State-v-Shuler - 344. S.C. 604. 626. 545. S.C. 2d.
805. 816. (2001)

State-v-Gillian. 360. S.C. 433. 455. 602.
S.E.2d 62. 74 (Ct App. 2004)

Error is Harmless (when) it could not Reasonably have Affected the result of the trial.

Aiken-v- Koontz. 368. S.C. 542. 629. S.E.2d
686. 689. (Ct App. 2006)

Petitioner Argues the trial Judge erred in trying him in his Absence. when there was evidence his failure to Appear for trial was not willful.

Rule 16.

SCRCrimP. State-v-Castineira. 341. S.C. 619. 535.
S.E.2d 449 (Ct App. 2000)

(4)

Morris-v-State. 371. S.C. 278. 639. S.E. 2d 53 (2006) wherein the Supreme Court found Counsel Ineffective in a Post-Conviction Relief (PCR) Action for failure to move for a continuance when the Defendant was tried in Absentia. And determined the trial court would have commited an Abuse of Discretion had the court Refused to Grant a continuance under the Circumstances of that Case.

State-v-Patterson. 367. S.C. 219. 229. 625. S.E. 2d 339. 244. (Ct App. 2006) # 456.

State-v-Jackson- 288. S.C. 94. 95. 341. S.E. 2d 375. 375 (1986)

The following is a compleat list of all Documents enclosed Herein. As Evidence of facts that Petitioners Rights and Civil liberties were Grossly violated by the Aformentioned person(s):

- Documents -

1.) letter to the S.C. Supreme Court office of Disciplinary Counsel. RE: the Petitioners lawyer who took Part in His Rights being violated.

2.) Copy of motion for Reconsideration of Sentence.

3.) Copy of Work Release form As Evidence that Petitioner was in fact in the ER on 12-17-13.

4.) letter from lawyer King Cutter to the Petitioner which is in fact Evidence as to several claims by the Petitioner.

5.) letter from S.C. Supreme Court office of Disciplinary Counsel.

(5)

6.) Copy of motion to obtain transcripts in regard to the case. As said transcripts contain further evidence of the Petitioners Rights being violated.

All of the Aforesaid is true and correct to the best of my knowlege.

Return Address.                                   Respectfully

Gary Bernard Nelson. #157021
Turbeville Correctional Institution.
P.O. Box 252
Turbeville. S.C. 29162

*Gary Nelson*

Sworn to and subscribed before me this
19th day of Aug, 20 14.
_____ (L.S.)
Notary Public for South Carolina

My Commission Expires: 4-27-2016